IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALEXANDER BRINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-722-WHA |
| | ) | [WO] |
| CHIEF KEVIN MURPHY, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed on October 3, 2013,  by Plaintiff, an inmate currently incarcerated at the Montgomery City Jail located in Montgomery, Alabama.  In the present complaint, Plaintiff complains that the Defendants subjected him to excessive force on September 29, 2013.  He requests a total of $6 million in damages for pain and suffering, mental anguish, humiliation, physical injury, and emotional distress.  *Plaintiff's Complaint - Court Doc. No. 1* at 2-4.

### II.  DISCUSSION

Plaintiff has submitted a  motion for leave to proceed *in forma pauperis in this action* pursuant to the provisions of 28 U.S.C. § 1915(a).  *Application to Proceed Without Prepayment of Fees - Court Doc. No. 7.*  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* and requires payment of the requisite filing fee upon initiation of the suit if the inmate "has, on

3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of  serious danger of serious physical injury."[1]  The records of this court establish that Plaintiff, while incarcerated or detained, has on at least four occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The actions on which this court relies in finding a § 1915(g) violation are:  (1) *Brinson v. Frith, et al.*, Case No. 2:97-CV-1022-WHA-JLC (M.D. Ala. 1997), (2) *Brinson v. Nix, et al.*, Case No.2:97-CV-906-WHA-JLC (M.D. Ala. 1997), (3) *Brinson v. Jones, et al.*, Case No. 2:95-CV-1548-ID-JLC (M.D. Ala. 1996), and (4) *Brinson v. Jones, et al.*, Civil Action No. 2:95-CV-1547-MHT-JLC (M.D. Ala. 1996).[2]

In the complaint now before the court for review, Plaintiff complains that Defendants violated his Eighth Amendment rights. Specifically, Plaintiff contends that Defendants subjected him to excessive force on September 29, 2013, by tasing him and striking him in

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

[2] The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

the forehead with the handle of a taser.  He was taken to a local hospital where he received five stitches to his forehead *Plaintiff's Complaint - Court Doc. No. 1* at 3.

It bears repeating that in order to bring his claims *in forma pauperis,* Plaintiff must be "under imminent danger of serious physical injury," including at the time he filed his complaint. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999).  He must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed. General assertions are insufficient. *See Skillern v. Paul,* 202 Fed.Appx. 343, 344 (11th Cir. 2006) (finding where appellant merely alleged that he was not receiving his heart medication, without a description of his condition, and never alleged that he suffered any physical injury, the "imminent danger" exception was not met) (unpublished).  Additionally, the law is clear that past harm does not satisfy § 1915(g)'s exception that a plaintiff be "under imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)...."); *Medberry,* 185 F.3d at 1193 ("a prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient"); *Adbul–Akabar v. McKelvie,* 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").  Thus, in order to satisfy the exception to § 1915(g),  Plaintiff "must allege and

provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Medberry,* 185 F.3d at 1193.

The court has reviewed the instant complaint and finds that the claims now before it do not entitle Plaintiff to circumvent the directives of § 1915(g) because the complaint fails to establish that he was under "imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C.§ 1915(g). *Medberry,* 185 F.3d at 1193; *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury....'").

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Plaintiff failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## III.  CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff (*Court Doc. No. 7*) is DENIED.

Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that **on or before November 19, 2013** Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 4th day of November 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE